IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLOTTE MAE FIKES,** | } |
| **Plaintiff,** | } |
| v. | } Case No. 2:05-cv-1864-RDP |
| **AEROFIN CORPORATION, et al.,** | } |
| **Defendants.** | } |

### MEMORANDUM OPINION

This case is before the court on the following motions: (1) Aqua-Chem, Inc.'s Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. # 15); (2) Cleaver Brooks Company, Inc.'s Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. # 16); (3) Georgia Pacific Corporation's Motion to Dismiss (Doc. # 22); (4) John Crane, Inc.'s Motion to Dismiss (Doc. # 27); (5) Honeywell International, Inc.'s Motion to Dismiss (Doc. # 28); (6) The Austin Company's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Doc. # 40); and (7) Saint-Gobain Abrasives, Inc.'s Motion to Dismiss (Doc. # 44). The court also has been informed that this case has been identified as a potential tag-along action to the asbestos cases in MDL Docket No. 875 which were transferred to the Eastern District of Pennsylvania by the July 29, 1991 Order and Opinion of the Judicial Panel on Multidistrict Litigation. The court held a conference call in this case on September 30, 2005.

I.      **Motions for More Definite Statement/Motions to Dismiss**

Plaintiff Charlotte Mae Fikes, personal representative of the Estate of Josh Coleman Fikes, brought suit on September 1, 2005, alleging that exposure to asbestos caused the death of her

husband. (Doc. # 1). Plaintiff's four-count complaint is levied against over thirty Defendants who allegedly manufactured asbestos-containing products and/or otherwise contributed to the death of Josh Coleman Fikes. It appears that Plaintiff has brought claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") as well as wrongful death claims based on negligence, wantonness and other intentional torts, product liability, and conspiracy. (Doc. # 1).

Plaintiff's complaint is essentially the type of "shotgun pleading" clearly disfavored by the Eleventh Circuit. *See, e.g., GJR Investments, Inc. v County of Escambia, Florida*, 132 F.3d 1359, 1368 (11th Cir. 1998); *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1483-84 (11th Cir.1992); *Pelletier v. Zweifel*, 921 F.2d 1465, 1518 (11th Cir.1991). Plaintiff's complaint "presents scores of allegations regardless of their relevance and incorporates them in their entirety into several counts asserting discrete claims for relief." *GJR Investments, Inc.*, 132 F.3d at 1368. Plaintiff fails to identify the product(s) that any Defendant(s) allegedly manufactured, fails to identify any particular action taken by any particular Defendant, and otherwise fails to set forth sufficient facts to put the Defendants on notice as to the alleged transactions or occurrences that support her allegations.

Accordingly, the court finds that the motions for more definite statement filed by Defendants Aqua-Chem, Inc., Cleaver Brooks Company, Inc., and The Austin Company are due to be granted, and the court will order Plaintiff to replead her complaint in accordance with the Federal Rules of Civil Procedure and the specific mandates outlined in the court's order entered contemporaneously herewith. The court will deny, without prejudice, Defendants' motions to dismiss.

II.     **Potential Transfer to MDL Docket No. 875**

As noted above, this case has been identified as a potential tag-along action to MDL Docket No. 875. Pending the potential transfer of this case, the court finds that a stay of proceedings is

necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.

The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL court lies within this court's discretion. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *see also* Rules of the Judicial Panel on MDL, Rule 1.5 ("The pendency of a motion ... before the Panel concerning transfer ... of an action pursuant to 28 U.S.C. § 1407 does not affect or suspend orders and proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court."). The discretion to stay a case is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

Where, as here, the Judicial Panel on Multidistrict Litigation has already decided that coordination of cases is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D.N.M. 2004); *Mathern v. Wyeth*, Civil Action 04-2116, 2004 WL 1922028, at *1 (E.D. La. August 25, 2004); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CV, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson v. Johnson & Johnson, Inc.*, Civil Action 01-2113-DA, 2001 WL 34048067, at * 6 (W.D. Tenn. April 3, 2001); *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360-61 (C.D.Cal.1997).

Absent a stay, this court would expend valuable judicial resources supervising pre-trial proceedings and issuing rulings in a case over which it will likely soon lose jurisdiction. Moreover, the parties would be forced to needlessly duplicate discovery and other pretrial proceedings if this case were to continue on a parallel track with MDL Docket No. 875. Finally, the issuance of a stay in this case would avoid the risk of inconsistent substantive legal rulings. Accordingly, having

considered the present posture of this case, the court finds that a stay of this litigation promotes judicial efficiency and prevents the possibility of inconsistent pretrial rulings.

### III. Conclusion

As outlined above, the court finds that Defendants' motions for more definite statement are due to be granted, Plaintiff's complaint is due to be repleaded, and Defendants' motions to dismiss are due to be denied without prejudice. The court also finds that, with the exception of the filing of Plaintiff's amended complaint, all proceedings in this case are due to be stayed pending conditional transfer to MDL Docket No. 875. A separate order will be entered.

**DONE** and **ORDERED** this ___30th___ day of September, 2005.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE